UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tempo Networks, LLC, | ) )  ) |
| *Plaintiff,* | ) ) Civil Action No. 08 CV 2422 (PKL) |
| -against- | ) ECF Case ) |
| Cable & Wireless Jamaica Limited, | ) ) ) |
| *Defendant.* | ) ) ) |

## CABLE & WIRELESS JAMAICA LIMITED'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**GREGORY P. JOSEPH LAW OFFICES LLC**
Gregory P. Joseph (GJ-1210) (gjoseph@josephnyc.com)
Mara Leventhal (ML-1218) (mleventhal@josephnyc.com)
Jeffrey H. Zaiger (JZ-1208) (jzaiger@josephnyc.com)
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200
Fax: (212) 407-1280

*Attorneys for Defendant Cable & Wireless Jamaica Limited*

Defendant Cable & Wireless Jamaica Limited submits this memorandum in support of its motion to dismiss the Complaint dated March 10, 2008 ("Complaint"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Plaintiff Tempo Networks LLC ("Plaintiff" or "Tempo") asserts the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) (Complaint ¶5) but fails to allege its citizenship, depriving this Court of subject matter jurisdiction over the instant matter.

Diversity jurisdiction requires complete diversity among the parties. The citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157 (2d Cir. 1998).

The plaintiff has alleged that defendant Cable & Wireless Jamaica Limited is a company incorporated under the laws of Jamaica (Complaint ¶4), which is sufficient under 28 U.S.C. § 1332. But, as to itself, Tempo alleges only that that it "is a foreign limited liability company, formed in the state of Delaware, doing business in the state of New York, with its principal place of business in Newark, New Jersey." *See* Complaint at ¶3. The state of organization and principal place of business of an LLC is irrelevant for diversity purposes. The citizenship of an LLC is determined by the citizenship of each member of the entity. *See e.g. Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) ("for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership.") (citation omitted); *Bishop v. Toys "R" Us-NY LLC, et al.*, 414 F. Supp. 2d 385, 389 n. 1 (S.D.N.Y. 2006) (Castel, J.) ("[a] plaintiff must allege the citizenship of all persons or entities who are members of a limited liability company."), citing *Handelsman*, 213 F.3d 48 at 51-52; *Mackason v. Diamond Fin. LLC*, 347 F.Supp.2d 53 (S.D.N.Y. 2004) (Haight, J.) (same); *Strother v. Harte*, 171 F.Supp.2d 203, 205 (S.D.N.Y. 2001) (Chin, J.) ("[f]or purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members.") (citation omitted).

The Complaint does not identify, much less indicate the citizenship, of each member of Tempo, as it must to establish diversity jurisdiction. Therefore, Plaintiff has failed to plead complete diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), and the Complaint must be

dismissed. *See Inarco Int'l Bank N.V. v. Lazard Freres & Co.*, No. 97 Civ. 0378 (DAB), 1998 WL 427618, at *2 (S.D.N.Y. Jul. 29, 1998) (dismissing the complaint for failure to adequately plead diversity jurisdiction).

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure should be granted, and the Complaint should be dismissed.

Respectfully submitted,

Dated: New York, New York
May 1, 2008

                **GREGORY P. JOSEPH LAW OFFICES LLC**

By: _____
    Gregory P. Joseph (GJ-1210)
    (gjoseph@josephncy.com)
Mara Leventhal (ML-1218) (mleventhal@josephnyc.com)
Jeffrey H. Zaiger (JZ-1208) (jzaiger@josephnyc.com)
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200

*Attorneys for Defendant Cable and Wireless Jamaica Limited*

610638